EYVIND J. ERICKSEN III, Plaintiff-Appellant, v. THE VILLAGE OF WILLOW SPRINGS *et al.*, Defendants-Appellees.

First District (2nd Division)    No. 1—94—3880

Opinion filed December 19, 1995.

Fred T. Myers, of Geneva, for appellant.

Schirott & Luetkehans, P.C., of Itasca (Phillip A. Luetkehans, Mary E. Dickson, and Matthew F. Tarbox, of counsel), for appellees.

JUSTICE BURKE delivered the opinion of the court:
Plaintiff Eyvind Ericksen appeals from the orders of the circuit

court of Cook County granting defendants Village of Willow Springs' and Leland Brannam's motion to dismiss plaintiff's complaint pursuant to section 2—619 of the Illinois Code of Civil Procedure (Code) (735 ILCS 5/2—619 (West 1992)) and denying plaintiff's motion for reconsideration. The trial court found that plaintiff's complaint was time-barred by a one-year statute of limitations. On appeal, plaintiff contends that: (1) the "law of the case" doctrine precluded the trial court from dismissing his complaint; and (2) his complaint was timely filed because the "discovery rule" postponed the commencement of the statute of limitations period. For the reasons set forth below, we affirm.

According to plaintiff, he was hired as an auxiliary officer by the Willow Springs police department (Department) in 1982 and as a full-time patrol officer in 1988. On January 12, 1992, he was instructed by his shift commander to initiate a roadblock at an accident scene. At the accident scene, plaintiff's vehicle was struck from behind by another vehicle. As a result, plaintiff suffered injuries to his back, was treated at a hospital and underwent physical therapy. Plaintiff did not return to work for six weeks following the accident. During this time plaintiff applied for and received workers' compensation benefits pursuant to the Workers' Compensation Act (820 ILCS 305/1 *et seq.* (West 1992)).

Upon plaintiff's return to active duty, defendant Leland Brannam (Brannam), the Department's chief of police, accused plaintiff of exaggerating his injuries to avoid returning to work, instructed the mechanic who repaired plaintiff's patrol car to conceal the extent of the damage to the vehicle, accused plaintiff of conspiring with the Illinois State Police to falsify details of the accident, drafted reports of misconduct which were materially false and placed them in plaintiff's personnel file, told Department employees not to associate with or speak to plaintiff, and harassed plaintiff. Plaintiff further alleged that Brannam falsely communicated to defendant Village of Willow Springs' (Village) president and board of trustees that plaintiff had filed a fraudulent workers' compensation claim and should be terminated, while, at the same time, Brannam concealed evidence which would disprove this allegation.

On May 12, 1992, the police and fire committee of the Village board of trustees determined that plaintiff should be terminated. On May 13, Brannam informed plaintiff that he would not be reappointed as a patrol officer. When plaintiff asked why he had been terminated, defendant Brannam stated that he was not at liberty to offer any explanation and was not able to offer anything in writing concerning the termination. On May 14, the Village board of trustees accepted the police and fire committee's decision to terminate plaintiff.

In late July or early August 1992, Tom Borsilli, a Department officer, told plaintiff that he was fired because of the workers' compensation claim he had filed. Plaintiff claims that this was the first time he became aware of the reason for his termination and of Brannam's involvement in his termination.

On May 25, 1993, plaintiff filed a complaint against defendants. Count I of the complaint alleged that the Village terminated plaintiff's employment in retaliation for his workers' compensation claim. Count II alleged that Brannam had interfered with plaintiff's economic advantage.

Defendants filed a motion to dismiss pursuant to section 2—619 of the Code (735 ILCS 5/2—619 (West 1992)), arguing that plaintiff had failed to file his complaint within the one-year statute of limitations mandated by the Local Governmental and Governmental Employees Tort Immunity Act (Tort Immunity Act) (745 ILCS 10/8—101 (West 1992)).

On October 25, 1993, at a hearing before Judge Nicholson on defendants' motion to dismiss, plaintiff argued that his complaint was timely filed pursuant to the "discovery rule," which postpones the commencement of the statute of limitations until a plaintiff knew or should have known of his or her injury and knew or should have known that the injury was wrongfully caused. Judge Nicholson treated defendants' motion to dismiss as one filed pursuant to section 2—615, as opposed to section 2—619, and granted plaintiff 21 days to amend his complaint to include allegations encompassing the discovery rule. Plaintiff filed an amended complaint, which was substantially identical to his first complaint except for the inclusion of the discovery rule allegations. Defendants then filed a motion to dismiss plaintiff's amended complaint pursuant to section 2—619, again contending that plaintiff's action was barred by the one-year statute of limitations mandated by the Tort Immunity Act.

In response to defendants' motion to dismiss, plaintiff submitted a personal affidavit. The affidavit related plaintiff's history with the Department; that he was informed by Brannam on May 13, 1992, that he would not be reappointed as a patrol officer; and that he asked Brannam why he had been terminated, to which Brannam replied that he was "not supposed to tell [plaintiff] that" and that he was not able to give plaintiff anything in writing concerning the termination. The affidavit further reflected plaintiff's conversation with Tom Borsilli, an officer of the Department, in July or early August of 1992, regarding the reason for plaintiff's termination.

Prior to a hearing on defendants' motion to dismiss, the case was reassigned to Judge Duncan-Brice. Judge Duncan-Brice determined

that plaintiff's complaint was not timely filed and granted defendants' section 2—619 motion to dismiss.

Plaintiff filed a motion to reconsider the trial court's dismissal of his amended complaint, arguing that the determination of when plaintiff knew or should have known of his injury was a question of fact for the jury. Judge Duncan-Brice denied plaintiff's motion.

Plaintiff appeals from the trial court's orders dismissing his complaint and denying his motion for reconsideration. He contends that the trial court erred in granting defendants' motion to dismiss because Judge Nicholson's order constituted the "law of the case" and Judge Duncan-Brice should not have altered it absent a change in circumstances. Plaintiff also contends that his complaint was timely filed because the "discovery rule" applied to postpone the commencement of the statute of limitations period to the date of his conversation with Borsilli when plaintiff claims he first became aware of his injury and that it was wrongfully caused.

■ A ruling must be based upon a full litigation of an issue and decision of that issue before it can qualify as the law of a case. (*McDonald's Corp. v. Vittorio Ricci Chicago, Inc.* (1984), 125 Ill. App. 3d 1083, 1087, 466 N.E.2d 1116 (holding that a "trial court order becomes the 'law of the case' only if there is a final and appealable order").) An interlocutory order is one which does not dispose of all of the controversy between the parties. *(Moore v. One Stop Medical Center* (1991), 218 Ill. App. 3d 1011, 578 N.E.2d 1231.) An interlocutory order may be modified or revised by a successor court at any time prior to final judgment. *Towns v. Yellow Cab Co.* (1978), 73 Ill. 2d 113, 382 N.E.2d 1217.

In *Towns,* our supreme court defined a judgment as "a determination by the court on the issues presented by the pleadings which ascertains and fixes absolutely and finally the rights of the parties in the lawsuit." *(Towns,* 73 Ill. 2d at 119.) The *Towns* court further stated that a judgment as to fewer than all of the rights of the parties is not appealable and is therefore subject to revision unless there is a finding by the trial court not to delay appeal. Relying on Illinois Supreme Court Rule 304(a) (58 Ill. 2d R. 304(a)), the *Towns* court held that a denial of the defendant's motion based on *res judicata* is interlocutory because it concerns a preliminary matter, namely, the sufficiency of the defendant's defense, and does not dispose of the claim between the parties. *Towns,* 73 Ill. 2d at 120.

■ Here, Judge Nicholson's October 25, 1993, order, striking plaintiff's initial complaint and granting him leave to file an amended complaint, did not constitute the law of the case with respect to the applicability of the discovery rule. Judge Nicholson's order did not

address the applicability of the discovery rule but merely granted plaintiff leave to amend his complaint to include allegations encompassing the discovery rule. Judge Nicholson's order was not final and appealable. It was not a judgment as defined by the court in *Towns* because it did not resolve the dispute between the parties but merely resolved a preliminary matter, namely, the sufficiency of plaintiff's complaint. Judge Duncan-Brice's order was the first ruling on the statute of limitations issue. Her order did not revise or modify the October 25, 1993, order entered by Judge Nicholson.

We also reject plaintiff's argument that the discovery rule is applicable and that it postponed the commencement of the limitations period as to his cause of action. In Illinois, civil actions against local entities or their employees must be "commenced within one year from the date that the injury was received or the cause of action accrued." (745 ILCS 10/8—101 (West 1994).) A tort cause of action accrues when all the elements of the suit—duty, breach, proximate cause and injury—are present. (*Fetzer v. Wood* (1991), 211 Ill. App. 3d 70, 569 N.E.2d 1237.) Pursuant to the discovery rule, a cause of action accrues when the plaintiff knew or should have known of his or her injury and knew or should have known that the injury was wrongfully caused, thereby postponing the commencement of the limitations period. *Garcia v. Pinto* (1993), 258 Ill. App. 3d 22, 629 N.E.2d 103.

In determining whether to apply the discovery rule, courts balance the increased difficulty in proving a case that results from the passage of time with the hardship to a plaintiff who was not aware of his or her right to sue. (*Rozny v. Marnul* (1969), 43 Ill. 2d 54, 250 N.E.2d 656.) The discovery rule is appropriate when an injury is such that a plaintiff would not become immediately aware of it. (*Cassiday v. Derek Bryant Insurance Brokers, Ltd.* (1993), 244 Ill. App. 3d 1054, 613 N.E.2d 1201.) If the injury is the result of a single traumatic event, however, the plaintiff is found to be on immediate notice of his or her injury. *Sille v. McCann Construction Specialties Co.* (1994), 265 Ill. App. 3d 1051, 638 N.E.2d 676.

The parties have not cited cases specifically addressing the applicability or inapplicability of the discovery rule to termination of employment actions. Nor has our research revealed any. However, in *Sille*, a personal injury action, the court refused to apply the discovery rule, holding that the plaintiff's cause of action accrued when he was injured by a piece of concrete that had fallen from a loader onto his foot. The *Sille* court noted that because the plaintiff's injury was sudden and traumatic, he was placed on immediate notice of his injury. *Sille,* 265 Ill. App. 3d 1051, 638 N.E.2d 676.

Similarly, in *Golla v. General Motors Corp.* (1994), 261 Ill. App. 3d 143, 633 N.E.2d 193, *aff'd* (1995), 167 Ill. 2d 353, the appellate court refused to apply the discovery rule to a product liability action. In *Golla*, the plaintiff brought an action for personal injuries against the manufacturer of a vehicle. The plaintiff's injuries arose from the failure of the front seat of his vehicle to lock at the time of a collision. The *Golla* court held that the discovery rule is not applicable to causes of action for personal injuries arising from a sudden traumatic event because the plaintiff should know of his or her injury at the time of the event.

■ Here, plaintiff's injury, if any, accrued on May 13, 1992, when Brannam informed plaintiff that plaintiff would not be reappointed as a patrol officer. Additionally, the circumstances surrounding plaintiff's termination, that Brannam was not at liberty to offer any explanation or anything in writing concerning plaintiff's termination, should have put plaintiff on immediate notice that the termination may have been wrongfully caused. Plaintiff's own affidavit establishes the date of his termination and that he was given absolutely no explanation why he was not reappointed. Plaintiff's termination resulted from this discrete, isolated event with Brannam. The discovery rule, therefore, was inapplicable to plaintiff's cause of action. Accordingly, since plaintiff's injury accrued on May 13, 1992, the one-year statute of limitations expired on May 14, 1993. Plaintiff did not file his complaint until May 25, 1993, and, therefore, the trial court properly dismissed his complaint as time-barred.

We briefly note that while the question of when a plaintiff knew or should have known of his or her injury and that his or her injury was wrongfully caused is typically one for the jury, "where there are undisputed facts from which only one conclusion may be drawn, the question will be one for the court." *Sille*, 265 Ill. App. 3d at 1055-56, 638 N.E.2d at 680; *McCormick v. Uppuluri* (1993), 250 Ill. App. 3d 386, 621 N.E.2d 57.

We hold that the trial court properly dismissed plaintiff's complaint and denied his motion for reconsideration. Accordingly, the orders of the circuit court of Cook County, granting defendants' motion to dismiss and denying plaintiff's motion for reconsideration, are affirmed.

Affirmed.

SCARIANO, P.J., and HARTMAN, J., concur.