NOTICE
Decision filed 08/14/25. The text of this decision may be changed or corrected prior to the filing of a Petition for Rehearing or the disposition of the same.

2025 IL App (5th) 240453-U

NO. 5-24-0453

IN THE

APPELLATE COURT OF ILLINOIS

FIFTH DISTRICT

NOTICE
This order was filed under Supreme Court Rule 23 and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

| | | |
|---|---|---|
| SHAWN MITCHELL, | ) | Appeal from the |
| | ) | Circuit Court of |
| Plaintiff-Appellant, | ) | Williamson County. |
| | ) | |
| v. | ) | No. 23-LA-39 |
| | ) | |
| LOAN OAK BAPTIST CHURCH, | ) | |
| HAMILTON COUNTY CONSTRUCTION, INC., | ) | |
| and FUTIVA, LLC, | ) | Honorable |
| | ) | Jeffrey A. Goffinet, |
| Defendants-Appellees. | ) | Judge, presiding. |

JUSTICE CATES delivered the judgment of the court.
Justices Boie and Vaughan concurred in the judgment.

**ORDER**

¶ 1    *Held*:   The circuit court did not err in granting the defendants' motions to dismiss where the plaintiff's complaint was not timely filed.

¶ 2    The plaintiff filed suit against the defendants Lone Oak Baptist Church (Lone Oak), Hamilton County Construction, Inc. (HCC), and Futiva, LLC (Futiva) alleging negligence where the plaintiff suffered injuries from a fall into an unmarked hole. The defendants moved to dismiss the plaintiff's complaint pursuant to section 2-619(a)(5) of the Code of Civil Procedure (Code) (735 ILCS 5/2-619(a)(5) (West 2022)) and argued that the plaintiff failed to timely bring his personal injury suit within the two-year period under section 13-202 of the Code. 735 ILCS 5/13-202 (West 2022). The circuit court found that the plaintiff's complaint was untimely and granted

1

the motions to dismiss the plaintiff's complaint and the amended complaint. For the following reasons, we affirm the circuit court's decision.

¶ 3                                      I. BACKGROUND

¶ 4      In April of 2021, Lone Oak installed cable underground in the municipal right of way near its property. The plaintiff, who lived next to Lone Oak, fell into an unmarked open hole created by Lone Oak's construction project while he was performing yard work. A few days after the incident, the plaintiff sought medical treatment for the injuries he sustained due to his fall.

¶ 5      On April 13, 2023, the plaintiff filed a two-count complaint. Count I alleged negligence against Lone Oak, and count II alleged negligence by HCC, a company involved in the construction project. The plaintiff alleged that on April 16, 2021, he was removing weeds and fell into an unmarked hole. The "improperly cleared holes" created a dangerous, hazardous or defective condition. The plaintiff claimed that he suffered severe injuries including a ruptured hernia, and pain to his left knee, neck, and back as a result of the condition of the property.

¶ 6      The plaintiff admitted that he fell into a hole on April 12, 2021, in his responses to interrogatories and a request for admission. In the discovery responses, the plaintiff had additionally described the hole as being approximately five feet deep and the area around the hole was overgrown with grass.

¶ 7      The plaintiff filed an amended complaint on October 19, 2023, which amended the date of the incident to April 12, 2021. The amended complaint also included that the plaintiff had fallen into an "open hole," without describing the depth of the hole, which caused the plaintiff to suffer severe injuries. Count III was added to the amended complaint, which asserted negligence by Futiva, a company hired by Lone Oak to lay cables. The plaintiff alleged that HCC and Futiva

2

were required to fill the open construction holes or erect a blockade to prevent injury or warn of the dangerous and hazardous condition of the holes.

¶ 8 On November 13, 2023, a section 2-619 motion to dismiss was filed on behalf of HCC and Futiva which asserted that the statute of limitations for a personal injury action in Illinois was within two years after the cause of action accrued under section 13-202 of the Code (735 ILCS 5/13-202 (West 2022)). Where the plaintiff alleged that the injury was caused by the defendants on April 12, 2021, the initial complaint filed on April 13, 2023, was untimely.

¶ 9 Lone Oak filed a section 2-619 motion to dismiss count I of plaintiff's complaint on November 21, 2023. Lone Oak also argued that because the plaintiff had admitted that the incident giving rise to allegations of negligence occurred on April 12, 2021, the plaintiff was barred by the statute of limitations. Lone Oak additionally argued that the plaintiff had not complied with Illinois Supreme Court Rule 103(b) (eff. July 1, 2007) because plaintiff was not diligent in serving Lone Oak. A summons was issued for Lone Oak on July 22, 2023, and Lone Oak was served with the complaint on August 16, 2023, more than four months after the complaint was filed. Lone Oak sought sanctions under Illinois Supreme Court Rule 137 (eff. Jan. 1, 2018) where the complaint was not filed timely.

¶ 10 The circuit court held a hearing on the motions to dismiss the plaintiff's complaint on December 12, 2023,[1] and allowed the parties to file supplemental pleadings. On the same day, the plaintiff filed a supplemental response to the defendants' motions to dismiss and the plaintiff filed an affidavit. The plaintiff argued that the "discovery rule" applied where the statute of limitations was tolled until the date of discovery of an injury under section 13-214.3(b) of the Code (735 ILCS 5/13-214.3(b) (West 2022)). The plaintiff averred in his affidavit that he had fallen on Monday,

[1]The record does not contain a transcript of the December 12, 2023, motion hearing.

3

April 12, 2021, at approximately 4:30 p.m.; he began experiencing abdominal pain and was urinating blood on April 15, 2021; and he received emergency medical treatment on April 16, 2021. The plaintiff claimed that the April 13, 2023, filing date was timely as it was within two years of April 15, 2021, the date the plaintiff discovered his injuries.

¶ 11 HCC and Futiva filed a supplemental 2-619 motion to dismiss because the plaintiff had claimed that the fall date of "April 12, 2021" was a typographical error. HCC and Futiva argued that the plaintiff's medical records from April 16, 2021, demonstrated that the plaintiff had been suffering from abdominal pain since April 12, 2021, the same day that he fell into the hole. Because the plaintiff began experiencing pain and knew of his injuries on April 12, 2021, the plaintiff's complaint filed on April 13, 2023, was untimely.

¶ 12 Lone Oak filed a separate supplemental response and argued that the discovery rule did not apply in this case because the plaintiff's injuries were caused by a sudden traumatic event. The plaintiff was on notice that actionable conduct may be involved, and that the plaintiff was not required to know the full extent of his injuries on the day of the incident. Lone Oak additionally argued that the plaintiff failed to timely effectuate service, and it renewed its motion for sanctions. Lone Oak, the plaintiff's neighbor, claimed that it had not been hiding from service of process, and a simple internet search would have revealed the address and phone number of Lone Oak.

¶ 13 The circuit court held a hearing on the section 2-619 motions to dismiss on January 8, 2024. The plaintiff argued that it took several days for the plaintiff's injury to manifest. The plaintiff testified at the motion hearing that he was trimming weeds in his yard on April 12, 2021, and fell into a hole. The plaintiff testified that it "took me a while to get out. It sort of shook me up." He claimed that he was able to stand in the hole and the depth of the hole was hip level. The plaintiff

additionally testified that he had a few cuts on his leg and toe on the day of the incident, but he did not believe that he was seriously injured at that time.

¶ 14    The circuit court considered the plaintiff's medical records, which included the plaintiff's explanation of his injuries to his medical provider. The medical records indicated that the plaintiff presented with "right lower quadrant abdominal pain" which began on April 12, 2021, as he had fallen into a hole in his yard. The plaintiff additionally indicated that he had hyperextended his right leg when he fell.

¶ 15    The circuit court found that "there is no doubt that as of April 12, 2021, Plaintiff was fully aware that he fell into a 5-foot hole and at minimum was shook up by the impact." The circuit court additionally found that this accident was a single traumatic event, and where the trauma was not hidden, the discovery rule did not apply. Therefore, the statute of limitations expired prior to the plaintiff's filing of his complaint.

¶ 16    The circuit court dismissed counts I, II, and III of the amended complaint and counts I and II of the original complaint, with prejudice. The circuit court additionally considered Lone Oak's request to dismiss the complaint for a violation of Illinois Supreme Court Rule 103 where the plaintiff failed to exercise reasonable diligence to obtain service. The circuit court also dismissed the complaint as to Lone Oak for a Rule 103(b) violation. The motion for sanctions was denied.

¶ 17    The plaintiff filed a motion to reconsider the dismissal of the lawsuit. The circuit court denied the plaintiff's motion to reconsider. This appeal followed.

¶ 18                                    II. ANALYSIS

¶ 19    On appeal, the plaintiff argues that the circuit court failed to toll the statute of limitations until the time the plaintiff discovered his injuries and erred by granting the defendant's motion to dismiss on the grounds that the plaintiff's complaint was filed outside of the statute of limitations.

5

¶ 20    Under section 2-619(a)(5), a defendant may file a motion for dismissal of the action where "the action was not commenced within the time limited by law." 735 ILCS 5/2-619(a)(5) (West 2022). "A section 2-619 motion to dismiss affords a defendant a means of obtaining a summary disposition when the plaintiff's claim can be defeated as a matter of law or on the basis of easily proved issues of fact." *McGee v. State Farm Fire & Casualty Co.*, 315 Ill. App. 3d 673, 680 (2000). All well-pleaded facts in the complaint are admitted as true in a section 2-619 motion to dismiss. *McGee*, 315 Ill. App. 3d at 680. All pleadings and supporting documents are interpreted in the light most favorable to the nonmoving party when ruling on a section 2-619 motion. *Caywood v. Gossett*, 382 Ill. App. 3d 124, 128 (2008). We review a dismissal order based on section 2-619(a)(5) *de novo*. *Ferguson v. City of Chicago*, 213 Ill. 2d 94, 99 (2004).

¶ 21    A two-year statute of limitations applies to personal injury claims pursuant to section 13-202 of the Code (735 ILCS 5/13-202 (West 2022)). Generally, a cause of action for personal injuries accrues on the date that the plaintiff is injured. *Hutson v. Hartke*, 292 Ill. App. 3d 411, 413 (1997). Our supreme court adopted the "discovery rule," to alleviate the harsh effect on plaintiffs that may be barred from bringing a lawsuit before they are aware of an injury. *Hartke*, 292 Ill. App. 3d at 413. Under the discovery rule, the commencement of the statute of limitations is postponed until the injured party knows or should have known of his injury. *Knox College v. Celotex Corp.*, 88 Ill. 2d 407, 414 (1981).

¶ 22    "The discovery rule is appropriate when an injury is such that a plaintiff would not become immediately aware of it." *Ericksen v. Village of Willow Springs*, 279 Ill. App. 3d 210, 215 (1995). "If the injury is the result of a single traumatic event, however, the plaintiff is found to be on immediate notice of his or her injury." *Ericksen*, 279 Ill. App. 3d at 215. A plaintiff knows or should know of his right to sue after a traumatic injury. *Walters v. Marion Memorial Hospital*, 217

6

Ill. App. 3d 744, 747 (1991). An injury that is latent in nature would not immediately manifest itself and, in that instance, a plaintiff would not be expected to know of the injury or the potential wrongful cause. *Walters*, 217 Ill. App. 3d at 747.

¶ 23    In *Walters*, the plaintiff filed an untimely claim where she had suffered a fractured hip due to a fall, and this court found that "[u]nder no clearer set of circumstances could a plaintiff pinpoint the precise time of an injury." *Walters*, 217 Ill. App. 3d at 747. Similarly, the plaintiff here fell into a hole and was clearly injured due to the fall. The plaintiff had informed his medical provider that he was seeking medical treatment because he had fallen into a hole in his yard on April 12, 2021. The plaintiff had additionally reported that "right lower quadrant abdominal pain" began on April 12, 2021, and that he had hyperextended his right leg when he fell.

¶ 24    The plaintiff argues that there were disputed issues of fact that weigh directly on the applicability of the discovery rule. The plaintiff claims that his own testimony regarding the depth of the hole at the motion hearing was inconsistent with his own discovery responses. We note that the plaintiff's complaint stated that he had fallen into an "improperly cleared hole" and the amended complaint referred to an "open hole." Neither pleading identified the depth of the hole. Regardless of whether the hole was five-foot deep or the depth of his hip, the fall into the "improperly cleared" or "open hole" was the traumatic event that caused injury. The plaintiff additionally took issue with the circuit court's consideration of the plaintiff's testimony and finding that the plaintiff was "shook up by the impact." The plaintiff's testimony was undisputed.

¶ 25    The record demonstrates that the plaintiff was injured due to a single traumatic event, and the plaintiff knew, or should have known, that he was injured on April 12, 2021. Therefore, the two-year statute of limitations began to run on April 12, 2021. The plaintiff's initial complaint was

not timely filed. The circuit court did not err in dismissing the plaintiff's complaint and amended complaint.

¶ 26                           III. CONCLUSION

¶ 27     For the foregoing reasons, we affirm the judgment of the circuit court of Williamson County.

¶ 28     Affirmed.