McDONALD'S CORPORATION, Plaintiff and Counterdefendant-Appellee, *v.* VITTORIO RICCI CHICAGO, INC., Defendant and Counterplaintiff-Appellant.

First District (4th Division) No. 83—1222

Opinion filed June 28, 1984.

Siegan & Weisman, Ltd., of Chicago, for appellant.

Levy & Erens, of Chicago, for appellee.

JUSTICE JIGANTI delivered the opinion of the court:

Vittorio Ricci Chicago, Inc. (Ricci), leased the premises at 734 North Michigan Avenue, Chicago, from McDonald's Corporation (McDonald's). The lease provided that Ricci had the right to assign the lease under certain conditions and Ricci claims that it was damaged when McDonald's wrongfully failed to consent to a proposed assignment. McDonald's responds that Ricci was in default for more than 30 days and that consequently, under the terms of the lease, Ricci had no right of assignment. Ricci replies that McDonald's induced it to wait beyond the 30-day default period and therefore McDonald's is estopped from asserting that provision of the lease. McDonald's counters that the default issue had been previously and finally adjudi-

cated in the first part of the bifurcated trial for rent and possession. The trial court granted McDonald's motion for summary judgment on one count and its motion to dismiss the other. Ricci appeals. On appeal McDonald's raises a procedural matter as a preliminary issue and contends that we should not reach the substance of Ricci's appeal.

The original lease was entered into in 1978. There had been some disagreement, so an amended lease was entered into on August 7, 1980. At that time the facade of the premises was being remodeled. Because of this, the lease provided that June and July rent would not be due until the remodeling was completed. Also, rent was abated from August 1, 1980, until the remodeling was completed.

On October 1, 1980, John L. Henning of McDonald's sent a letter to Allen J. Bodner, Ricci's agent, stating that the facade had been completed on September 30 and that therefore the deferred rent for June and July was now due, as was the October rent. Ricci failed to pay the rent, thereby placing it in default. According to the lease, Ricci had the right to cure the default within 30 days but that if the default continued beyond the 30 days, McDonald's had the right to terminate the lease. Also, Ricci could not exercise its right of assignment while it was in default. Ricci did not tender the rent until November 5, 1980, more than 30 days after it was due. What transpired between October 1 and November 5, 1980, forms the basis of Ricci's claim that McDonald's induced its conduct and is thereby estopped from asserting the 30-day default provision.

On November 26, 1980, McDonald's filed an action for possession and for unpaid rent alleging that Ricci defaulted on the lease by not paying its rent. Ricci filed its answer and two affirmative defenses alleging that written notice of default was not sent and that work on the facade was not completed. Ricci also filed a counterclaim, the claim on appeal here, seeking damages for McDonald's wrongful failure to consent to the assignment. The trial court severed McDonald's rent/possession action from Ricci's counterclaim. On June 15 and 16, 1981, the court presided over the rent/possession trial. On June 30, 1981, the trial court found that in fact notice had been given and that the facade was substantially completed. Therefore, the court concluded that Ricci was in breach of the lease agreement for failure to pay the rent and it entered judgment in McDonald's favor for the unpaid rent and for possession. Although notices of appeal were filed by Ricci, Ricci did not follow through with them. Consequently, they were dismissed for want of prosecution.

McDonald's preliminary contention that this court should not reach the substantive issues raised by Ricci in this appeal is based on

the procedural history following the rent/possession judgment. After the judgment only the Ricci claim for damages was still pending. McDonald's then filed a motion to dismiss that claim for want of prosecution on May 6, 1982. The motion was denied on July 20, 1982, but McDonald's at that hearing requested leave to file a motion for summary judgment. The court gave McDonald's 10 days, until July 30, 1982, to file its motion and also required Ricci to respond by August 20, 1982, to not only the motion for summary judgment, but also to the previously filed motion to dismiss one of the two counts of Ricci's claim for damages. The court set a hearing on the motions for September 16, 1982. Ricci failed to respond to either the motion for summary judgment or the motion to dismiss.

On the hearing date of September 16, 1982, Ricci presented to the court a motion requesting an extension of time to file a responsive pleading. The trial judge entered an order which denied Ricci's motion to extend the time. It further entered a judgment order which granted both McDonald's motion for summary judgment on one count of Ricci's claim and its motion to dismiss the other count of Ricci's claim. That order was entered on September 17, 1982. There is no report of proceedings from the hearing on that date.

Within 30 days, Ricci filed a petition to reconsider which alleged that Ricci's counsel was not able to complete the responsive pleadings due to being engaged in other matters. Attached to the petition was a proposed response to McDonald's motion for summary judgment and also a response to McDonald's motion to dismiss the other count of Ricci's claim. The response to the motion for summary judgment raises the question of whether McDonald's conduct induced Ricci to wait beyond the 30 days, therefore estopping McDonald's from pleading that issue. The trial court heard the petition. At that time, counsel for Ricci stated that at the time his response was due, August 20, 1982, he was otherwise engaged and could not make a motion for a continuance because the trial judge was not sitting. Counsel further explained that he spoke to the clerk in the trial judge's courtroom. The clerk told him that all motions of an emergency nature would be heard by a judge who was handling the trial judge's call, but that for a motion for an extension of time, counsel would have to come in on the date that the trial judge was actually sitting. Counsel also pointed out to the court that he was filing his responses together with his petition to vacate. The trial judge stated that he understood and that he had read and reread the case over and over again, and that it seemed to him that whatever complaint Ricci had against McDonald's had been adjudicated in their rent/possession hearing. The court stated

that the reason for finding that Ricci's claim had already been adjudicated was that the order in the rent/possession hearing made the finding that Ricci was in default on the lease and that therefore Ricci could not take advantage of the right of assignment. Thus, the court concluded that McDonald's could not have wrongfully failed to consent to an assignment.

McDonald's argues that Ricci's attempt to appeal the issues of summary judgment and dismissal is an effort to raise matters in the appellate court which he failed to properly bring before the trial court. In McDonald's view the only issue that this court should consider is whether the trial court properly denied Ricci's motion to extend the time to file a response to McDonald's motions for summary judgment and dismissal. McDonald's contends that Ricci's allegations then were found to be inadequate. Citing *Francone v. Weigel Broadcasting Co.* (1979), 79 Ill. App. 3d 991, 398 N.E.2d 1114, McDonald's states that the trial court must do substantial justice and that due diligence is a factor in substantial justice. Considering the procedural history described, McDonald's contends that Ricci's conduct was not in fact due diligence.

We believe that the substantive issues were raised in the trial court and are properly before this court on review. The trial court considered those issues in ruling on the petition to reconsider. Ricci's petition to reconsider addressed not only the issue of the court's refusal to extend the time to allow it to file the response to McDonald's motions, but also its petition to reconsider was directed to the substance of McDonald's motions, that is, that Ricci was in default. The court's remarks indicate that it considered Ricci's essential contention that the default had been induced by McDonald's conduct, but that it believed that this argument was unavailing because the court had previously ruled in the rent/possession trial that Ricci was in default and that Ricci did not appeal from those rulings. Consequently, in the court's view, the ruling on the default was final and the finding of default precluded Ricci's claim for damages.

Turning to the substantive issue, Ricci contends that it presented an issue of an inducement by McDonald's to waive the 30-day default period; consequently, the trial court improperly granted summary judgment. McDonald's position is that the trial court's ruling in the rent/possession case that Ricci was in default is the law of the case. Since Ricci is in default, McDonald's has no duty to consent to the assignment.

The rule of the law of the case is a rule of practice, based on sound policy that, where an issue is once litigated and decided, that

should be the end of the matter and the unreversed decision of a question of law or fact made during the course of litigation settles that question for all subsequent stages of the suit. (*Gertz v. Robert Welch, Inc.* (7th Cir. 1982), 680 F.2d 527, *cert. denied* (1983), 459 U.S. 1226, 75 L. Ed. 2d 467, 103 S. Ct. 1233; *Barrett v. Baylor* (7th Cir. 1972), 457 F.2d 119.) The trial court order becomes the "law of the case" only if there is a final and appealable order. (*Arnold Schaffner, Inc. v. Goodman* (1979), 73 Ill. App. 3d 729, 392 N.E.2d 375.) In the instant case the trial court has already determined in the action for rent and possession that Ricci was in default on the lease. That order was a final and appealable order from which no appeal was perfected. Since it was decided that Ricci was in default, then it follows that he has no right to assign the lease. This is the law of the case. Therefore, Ricci can have no claim for damages for McDonald's failure to consent to the assignment. Accordingly, the trial court was correct in finding for McDonald's.

Based on the foregoing, we affirm the trial court's decision.

Judgment affirmed.

LINN, P.J., and ROMITI, J., concur.